IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER SIMPSON,**
**No. 36818-044**

**Petitioner,**

    vs.                               Case No. 15-cv-853-DRH

**JAMES CROSS,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He argues that under the recent decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), his enhanced career-offender sentence is unconstitutional. Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

## The Petition

Petitioner pled guilty in the Eastern District of Missouri, Case No. 09-cr-120, to being a felon in possession of a firearm (Doc. 1, pp. 1-2). He was

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

sentenced on September 28, 2010, to 180 months in prison. The trial court determined that he had three prior "violent felony" convictions within the meaning of the Armed Career Criminal Act ("ACCA"), and imposed the enhanced sentence accordingly.

Petitioner now argues that under *Johnson*, his prior felony convictions (for Missouri Second Degree Robbery, Illinois Aggravated Battery, and Illinois Domestic Battery) should not be counted as "violent felonies," as the residual clause of the ACCA is no longer valid. He seeks to be re-sentenced without the career-criminal enhancement.

## Discussion

The high court held in *Johnson* that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because the clause is unconstitutionally vague. *Johnson*, 135 S. Ct. 2551 (June 26, 2015).

On August 4, 2015, the Seventh Circuit concluded that *Johnson* announces a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *Price v. United States*, Case No. 15-2427, 2015 WL 4621024 (7th Cir. Aug. 4, 2015) (authorizing District Court to consider second or successive § 2255 motion seeking relief under *Johnson*). In light of that decision and the possibility that petitioner may be entitled to relief, the government shall be ordered to respond to the instant petition.

However, petitioner should bear in mind the following cautionary notes. First, petitioner is reminded that *Johnson* did not invalidate the ACCA in its entirety. Prior violent felonies that were *properly* determined at sentencing to fall either into the category of one of the enumerated offenses (generic burglary, arson, extortion, or any offense that involves the use of explosives) or offenses which had as an element the use, attempted use, or threatened use of physical force against the person of another remain valid predicate offenses for purposes of sentencing enhancements under the ACCA.

Secondly, "[f]ederal prisoners who seek to bring collateral attacks on their conviction or sentences must ordinarily bring an action under 28 U.S.C. § 2255, 'the federal prisoner's substitute for habeas corpus.' " *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).  The exception to this rule is when a § 2255 remedy "is inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255(e).  *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), established three conditions for when this exception applies.  *Id.* at 610-12.  First, a petitioner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir.2013) (citations omitted) (internal quotation marks omitted).

The Seventh Circuit in *Price* authorized the District Court to consider a second or successive § 2255 motion which sought relief pursuant to *Johnson*. *Price v. United States*, Case No. 15–2427, 2015 WL 4621024, at *1 (7th Cir. Aug. 4, 2015). *Price* seems to suggest that a motion filed pursuant to § 2255 is the appropriate vehicle to bring a *Johnson* claim. If petitioner decides to pursue relief under § 2255, he is advised that because he previously filed a § 2255, he, like the petitioner in *Price,* would need to seek permission to file a second or successive § 2255 motion with the federal Court of Appeals of the circuit in which he was sentenced. *See* 28 U.S.C. § 2244(b)(3).

That being said, the petition pending before this Court was filed pursuant to 28 U.S.C. § 2241, and cannot be re-characterized as a § 2255 motion. In *Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007), the Seventh Circuit held that "judges must respect the plaintiff's choice of statute to invoke – whether § 2241, § 2255, or 42 U.S.C. § 1983 – and give the action the treatment appropriate under that law." Because *Johnson* has broken ground in an area with little precedent, the Court will allow petitioner to proceed, at least for now, on his theory that a § 2255 motion is inadequate or ineffective.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before September 25, 2015).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: **August 26, 2015**

Digitally signed by
David R. Herndon
Date: 2015.08.26
13:19:38 -05'00'

**United States District Court**